UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HORACIO MEJIA-CRUZ                                                                                         PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 5:11CV75-DCB-RHW

UNKNOWN BEASLEY                                                                                       DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

This matter is before the Court *sua sponte*. Plaintiff Horacio Mejia-Cruz, proceeding *pro se* and *in forma pauperis*, filed the instant prisoner civil rights action against Sergeant Don Beasley, an employee at the Adams County Correctional Center (ACCC). The Court takes judicial notice that the ACCC is private prison operated by the Corrections Corporation of America. Based on the Court's search of the Bureau of Prisons inmate database, it is the Court's understanding that Plaintiff was a federal inmate at the time he filed this lawsuit. As such, his complaint should be construed as filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Based on the Court's search, it also appears that Plaintiff has been released from federal custody.

In his complaint, Plaintiff asserts a claim of cruel and inhumane punishment that has caused "severe mental distress". He alleges that on April 1, 2011, Defendant entered his cell and took everything, including Plaintiff's mattress, sheets, and blankets. Plaintiff had to sleep on the steel frame of his bed in the "brutal cold" for five days. As a result, Plaintiff alleges that he became ill with a high fever. Other guards at the ACCC would not give Plaintiff any blankets because Defendant ordered them not to. The undersigned construes Plaintiff's complaint to assert a claim for cruel and unusual punishment under the Eighth Amendment and intentional

infliction of emotional distress. As relief, Plaintiff requests an injunction and transfer to another facility. He does not request any money damages.

Because Plaintiff seeks only injunctive relief and appears to have been released from federal custody, the undersigned reached the conclusion that his claims may be moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)("[t]he transfer of a prisoner out of an institution often will render his claims for injunctive relief moot."). However, if the alleged constitutional violations are "capable of repetition yet evading review", then the claims are not moot. *See Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975). To meet this exception, Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would be transferred back to ACCC. *Oliver*, 276 F.3d at 741. The standard does not require mathematical precision but only a "reasonable likelihood" of repetition. *Id.*

When the undersigned initially reviewed Plaintiff's complaint, whether Plaintiff remained in custody at ACCC in some continuing capacity was unknown; therefore, the Court entered an [16] order directing Plaintiff to show cause in writing why his claims for injunctive relief should not be dismissed. The Court set a deadline of May 11, 2012, for Plaintiff to respond to the show cause order. The docket reflects that on May 7, 2012, the order to show cause was returned as undeliverable. *See* dkt. entry [17]. The undersigned concludes that Plaintiff has been released from custody from ACCC; therefore, his requests for injunctive relief are now moot. There is no indication that Plaintiff might be returning to ACCC, or that the alleged civil rights violation was anything more than a single act, unlikely to be repeated. Accordingly, the undersigned finds that Plaintiff has failed to state a claim upon which relief may be granted. The undersigned recommends that his complaint be dismissed with prejudice.

The undersigned also finds that Plaintiff has failed to maintain a current address with the Court, despite numerous admonitions to do so. Plaintiff has been warned several times that "failure to advise this court of a change of address will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed *sua sponte*, without prejudice, without further written notice." *See* Orders [3], [6], [7], & [9]. The Court's search of the federal inmate database indicates that Plaintiff has been released from custody. The copy of the show cause order mailed to Plaintiff was returned as undeliverable. Based on the foregoing, the undersigned concludes that Plaintiff has failed to maintain a current address and has abandoned his claims. As such, the undersigned recommends in the alternative that his complaint be dismissed without prejudice for failure to prosecute.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which may be granted; or, in the alternative, that his complaint be dismissed without prejudice for failure to prosecute.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed

findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 22nd day of May, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE